# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| CANE CREEK QUARRY, LLC, | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 1:20-cv-00268-SRC |
| EQUIPMENT TRANSPORT, INC., | ) |
| Defendant(s) | ) |

## Memorandum and Order

The Court considers Plaintiff Cane Creek Quarry, LLC's [16] Motion to Remand. Equipment Transport, Inc. and Great West Casualty Company[1] oppose the motion. For the reasons set forth below, the Court grants the motion and remands the case to state court.

**I.   Background**

Cane Creek owns and operates a quarry in Poplar Bluff, Missouri. Equipment Transport is a freight shipping and trucking company that Cane Creek hired to remove and haul a Caterpillar 992 G loader from the quarry. On July 17, 2020, Equipment Transport's owner, Derek Mann, arrived at the quarry with his truck, and Cane Creek's employees told Mann to exit the quarry using a specific exit, away from Cane Creek's main building on site.

---

[1] In this case, Great West falls into the "status uncertain" category. Cane Creek did not name Great West as a defendant, as Cane Creek notes. Doc. 18 at ¶ 31. Great West did not move to intervene in this case in this Court or the state court. Yet, counsel for Equipment Transport entered their appearances on behalf of both Equipment Transport and Great West; they also name Great West as a "Counter-Plaintiff" in various pleadings. Docs. 2–6, Doc. 9. To resolve the pending motion, the Court need not resolve the issue of Great West's (non) status and leaves it to the state court to do so. For sake of clarity, the Court's references to "Equipment Transport" include Great West if, and to the extent that, Great West may be a party.

While Mann was removing the loader from the quarry, his truck encountered a slanted road surface.  Due to the uneven surface, the loader tipped over and both the loader and the truck turned over on their side.  As a result of tipping on its side, the loader leaked 250 gallons of diesel fuel out onto the quarry grounds.  The incident caused damage both to Equipment Transport's truck and the loader.  As a result of the fuel spill, Equipment Transport and its insurer, Great West, spent over $300,000 to clean the area and remediate the grounds, as well as towing and repairing the damaged vehicles.

Cane Creek filed a negligence action against Equipment Transport in the Butler County Circuit Court.  Doc. 11.  Equipment Transport removed the case to this Court on the basis of diversity jurisdiction and, purportedly along with Great West, filed a counterclaim against Cane Creek for negligence.  Docs. 1, 9.  Cane Creek filed the present Motion to Remand, arguing that the Court lacks diversity jurisdiction because Cane Creek did not plead damages above the jurisdictional threshold of $75,000 and because counterclaim damages do not count towards the jurisdictional minimum.  Doc. 16.

**II.      Standard**

A defendant may remove to federal court any state court civil action over which the federal court could exercise original jurisdiction.  28 U.S.C. § 1441(a).  "The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence."  *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).  The federal court must remand the case to state court if it appears the federal court lacks subject matter jurisdiction.  *Id.*; 28 U.S.C. § 1447(c).  "All doubts about federal jurisdiction should be resolved in favor of remand to state court."  *In re Prempro Prod. Liab. Litig.*, 591 F.3d at 620.

### III.  Discussion

Cane Creek argues that Equipment Transport has failed to establish diversity jurisdiction because its petition filed in Missouri state court asks for damages not exceeding $75,000. Doc. 17. Under 28 U.S.C. § 1332, federal district courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). When evaluating whether the amount in controversy requirement is met, the Court must look to the amount in controversy at the time of removal. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969) ("It is the situation at the time of removal which is determinative.").

#### A.  Allegations in Cane Creek's petition

Cane Creek sought damages in its petition "in an amount that does not exceed $75,000.00, exclusive of interest and costs." Doc. 11 at ¶ 10. When a party seeks removal based on diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" unless "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A). In that case, "the notice of removal may assert the amount in controversy." *Id.*

Missouri law does not permit a plaintiff to plead a specific sum in the petition: "no dollar amount or figure shall be included in the demand except to determine the proper jurisdictional authority[.]" Mo. Ann. Stat. § 509.050.1(2). Instead, a litigant must only plead that the matter is more or less than $25,000. *See, e.g.,* Mo. Ann. Stat. § 517.011 (specifying that Associate Circuit Court jurisdiction is exclusive in matters that do not exceed $25,000). When state law prohibits the plaintiff from specifying a specific damage amount in the complaint, the plaintiff cannot attempt to avoid federal jurisdiction by pleading a specific damage amount in

3

violation of state law. *Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009) ("Where, as here, state law forbids pleading a specific amount in the complaint, any attempt to do so is a legal nullity."); *Smith v. AT&T*, 2020 WL 2061206, at *1 (W.D. Mo. 2020) ("Because Missouri does not permit a plaintiff to demand a specific sum, the Court looks to the Notice of Removal to ascertain the amount in controversy."). The Court must construe Cane Creek's petition as one that does not plead a specific sum; therefore, the burden falls on the removing party to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See id.*; *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003).

**B.     Evidence from Equipment Transport's notice of removal**

At this stage, Equipment Transport must point to evidence in its notice of removal that Cane Creek's damages could exceed $75,000. *Bell*, 557 F.3d at 959. Equipment Transport must meet a "preponderance of the evidence" standard: "[u]nder the preponderance standard, '[t]he jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are.'" *Id.* (quoting *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002)). Put another way, Equipment Transport "need only show a fact finder could legally award more than $75,000[.]" *Smith*, 2020 WL 2061206, at *1. This burden is a pleading requirement, rather than a demand for proof. *Id.* Once the removing party demonstrates that damages could plausibly exceed $75,000, the party seeking remand must establish it is legally impossible to recover more than $75,000. *Id.*; *see also Raskas v Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013) (CAFA) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").

4

Equipment Transport asserts that more than $75,000 is in controversy. Initially, Equipment Transport relied on the amount it seeks on its counterclaim. Doc. 1 at ¶ 11. Hedging its bets that the counterclaim may not provide a basis for diversity jurisdiction, Equipment Transport pivots to trying to establish that Cane Creek's damages could exceed $75,000. But Equipment Transport did not fully pivot, as it curiously still maintains that the Court has jurisdiction based on the amount it seeks in its own counterclaim. Doc. 21 at ¶ 10 (referring also to Docs. 9 and 11). For purposes of diversity jurisdiction, the Court does not consider amounts in controversy on a counterclaim. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Meeks*, 2014 WL 949361, at *3 (D.S.D. 2014) ("[C]ounterclaims cannot be used to satisfy the jurisdictional amount. This conclusion is supported by Eighth Circuit 'precedent [which] requires the district court to rely solely on the plaintiff's viewpoint in meeting the requisite amount [in controversy].'" (quoting *Smith v. American States Preferred Ins. Co.*, 249 F.3d 812, 813 (8th Cir. 2001)); *Central Associated Carriers v. Nickelberry*, 995 F.Supp. 1031, 1036 (W.D. Mo. 1998) (following the "logical and majority rule . . . that the question of jurisdictional amount is based upon the plaintiff's Petition or Complaint and jurisdiction cannot be invoked by the filing of a counterclaim in the jurisdictional amount, even though such counterclaim is compulsory under state law.").

The Court accordingly turns to Equipment Transport's attempt to establish the amount in controversy based on Cane Creek's negligence claim.[2] Equipment Transport points to Cane Creek's allegations of "disrupting Plaintiff's business operations, causing lost profits,

---

[2] Equipment Transport's Notice of Removal did not assert that Cane Creek's claim could plausibly recover more than $75,000. Doc. 1. Instead, it argued that the damages in the counterclaim establish the amount in controversy. Doc. 1. But in its response to Cane Creek's Motion to Remand, Equipment Transport now presents evidence attempting to show that Cane Creek could plausibly recover more than $75,000. Doc. 21. Equipment Transport seeks leave from the Court to amend its Notice of Removal to reflect these facts. *Id.* The Court deems the Notice of Removal amended for purposes of this Motion. *See* 28 U.S.C. § 1653; *see also Downard v. Dollar Tree Stores, Inc.*, 2015 WL 7428542, at *3 (E.D. Mo. 2015) (collecting cases).

5

environmental contaminants, and cleanup expenses." Doc. 11 at ¶ 9. Equipment Transport submits an invoice (directed not to Cane Creek but to Great West) for cleanup costs in the amount of $121,603.14. Doc. 21-3, 9. Cane Creek did not allege its own estimated cleanup costs, however, and Equipment Transport does not explain how cleanup costs invoiced to its own insurer indicate what amount Cane Creek incurred. Equipment Transport also observes that the assessed value of Cane Creek's real property at issue was $78,100 in 2017, with a market valuation of $267,345.00, but again, Equipment Transport does not tie the property valuation to any unreimbursed losses Cane Creek incurred. Doc. 21-4. Neither party submits information as to the potential "lost profits" or disruptions to "business operations" at the quarry from the incident. Under these circumstances, Equipment Transport has failed to meet its burden and the Court remands the case on this basis.

      **C.**      **Legal impossibility to recover jurisdictional minimum**

The Court also examines whether Cane Creek has established that it is legally impossible for it to recover more than $75,000 in this action. *See Raskas*, 719 F.3d at 888. Cane Creek cannot rely on the unlikelihood of recovering more than $75,000; rather, it would need to establish that it is impossible to recover more than $75,000, assuming Equipment Transport had met its burden. *See id.* Cane Creek states that it cannot legally recover the jurisdictional minimum because it did not seek more than $75,000 in this action, as asserted in its petition and briefing on its Motion to Remand. Docs. 11 at ¶ 10, 16–17, 22. The Court observes that the better practice is to file with its petition a stipulation limiting its recovery to $75,000. *See Bell*, 557 F.3d at 958 ("In order to ensure that any attempt to remove would have been unsuccessful, [plaintiff] could have included a binding stipulation with his petition stating that he would not seek damages greater than the jurisdictional minimum upon remand; it is too late to do so

now."). In the absence of a binding stipulation, the Court must determine whether Cane Creek's representations in its petition and briefing will prevent it from recovering more than $75,000 in state court. *See* 28 U.S.C. § 1446(c)(2)(A)(ii) (focusing not on state pleading rules but instead on whether "State practice" permits recovery of damages in excess of the amount demanded).

Cane Creek states that it cannot legally recover more than $75,000 because a Missouri state court would apply judicial estoppel to prevent Cane Creek from recovery in excess of that amount. Doc. 22. Under Missouri law, "[t]he doctrine of judicial estoppel provides that '[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.'" *Taylor v. State*, 254 S.W.3d 856, 858 (Mo.2008) (alteration in original) (quoting *Zedner v. United States*, 547 U.S. 489, 504 (2006)).

Judicial estoppel does not apply here. Judicial estoppel does not prevent parties from taking inconsistent positions in the same case; rather, it prohibits a party "from asserting inconsistent factual positions in different legal proceedings." *Kansas City Area Transportation Authority v. Donovan*, 601 S.W.3d 262, 277 n.19 (Mo. App. 2020) (citing *Vacca v. Mo. Dep't of Labor & Indus. Relations*, 575 S.W.3d 223, 231-32 (Mo. banc 2019)); *see also State Bd. of Accountancy v. Integrated Financial Solutions, L.L.C.*, 256 S.W.3d 48, 54 (Mo. 2008) ("Judicial estoppel will lie to prevent litigants from taking a position, under oath, 'in one judicial proceeding, thereby obtaining benefits from that position in that instance and later, in a second proceeding, taking a contrary position in order to obtain benefits ... at that time.'" (quoting *Shockley v. Dir., Div. of Child Support Enforcement*, 980 S.W.2d 173, 175 (Mo. App. 1998)); *Ziade v. Quality Business Solutions, Inc.*, 2021 WL 446006, at *4 (Mo. App. 2021) ("Judicial

7

estoppel is intended to prevent litigants from taking a position in one judicial proceeding and taking a contrary position in a later proceeding."). Upon remand, this case will continue in state court; it will not be a "different legal proceeding" subject to judicial estoppel. *See Craig v. Missouri Dept. of Health*, 80 S.W.3d 457, 460 (Mo. 2002) ("The state court receives the case on remand from federal court removal in the posture it is in when remanded.").

But that does not end the inquiry of whether "State practice" permits Cane Creek to recover damages in excess of the amount demanded. *See* 28 USCA § 1446(c)(2)(A)(ii). Under Missouri law, Cane Creek's affirmative representations that it will not seek more than $75,000 constitute binding judicial admissions. A judicial admission is "an act done in the course of judicial proceedings that concedes for the purpose of litigation that a certain proposition is true." *Moore Automotive Group, Inc. v. Goffstein*, 301 S.W.3d 49, 54 (Mo. 2009) (citing *Hewitt v. Masters*, 406 S.W.2d 60, 64 (Mo. 1966)). In Missouri, when a party makes factual allegations against its own interest, those admissions are binding against it in that action. *Sebree v. Rosen*, 393 S.W.2d 590, 602 (Mo. 1965) ("Judicial admissions against interest are conclusive against the party making them in the absence of contradictory evidence."); *Wehrli v. Wabash R. Co.*, 315 S.W.2d 765, 774 (Mo. 1958) ("[A]dmissions made during the progress of trial by a party's attorney for the purpose of being used as a substitute for evidence produced in the usual way are judicial admissions and, as such, are conclusive upon the party making them."). Even a party's factual allegations in a petition can be judicial admissions: "[t]he pleadings in a cause are, for the purposes of use in that suit, not mere ordinary admissions . . . but judicial admissions . . . i.e. they are not a means of evidence, but a waiver of all controversy (so far as the opponent may desire to take advantage of them) and therefore a limitation of the issues." *Wehrli*, 315 S.W.2d at 773 (quoting 4 Wigmore on Evidence § 1064 at 45–46 (3d ed.)).

Cane Creek declared in its petition and in its Motion to Remand that it seeks damages "in an amount that does not exceed $75,000.00, exclusive of interest and costs." Doc. 11 at ¶ 10; Doc. 16. Cane Creek reaffirms the same in its memorandum and its reply in support of its Motion to Remand. Doc. 17 at p.1-2, ¶ 2; Doc. 22 at p. 2-3, ¶ 2. The Court finds that Cane Creek's statements constitute binding judicial admissions that, under Missouri state practice, make it a legal impossibility for Cane Creek to recover more than $75,000 in state court. *See* 28 USCA § 1446(c)(2)(A)(ii). The Court remands on this basis, as well. Nonetheless, in the future, counsel would be well advised to follow the better practice of filing a binding stipulation with the initial pleading.

### D. Attorneys' fees

Cane Creek also seeks an award of attorneys' fees incurred as a result of removal. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court has discretion to award attorneys' fees under § 1447(c) but declines to do so here. The state court can consider the attorneys' procedural conduct in this case and determine whether to award fees as appropriate. The Court denies Cane Creek's request for attorney fees.

### IV. Conclusion

Equipment Transport has failed to meet its burden of showing by a preponderance of the evidence that Cane Creek's damages could plausibly exceed $75,000. In addition, due to Cane Creek's binding judicial admissions, Missouri's state practice makes it a legal impossibility for Cane Creek to recover more than $75,000 in state court. Cane Creek's damages do not meet the amount in controversy requirement for diversity jurisdiction, therefore the Court does not have subject-matter jurisdiction over this action. *See* 28 U.S.C. § 1332(a)(1). Accordingly, the Court

9

grants Cane Creek's [16] Motion to Remand.  Pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court shall mail a certified copy of this order of remand to the clerk of the State court.

So Ordered this 26th day of February 2021.

                                             *SLR.CR*
                                        **STEPHEN R. CLARK**
                                        **UNITED STATES DISTRICT JUDGE**